**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**


Date:              January 26, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Interpreter:       Cathy Bahr
Probation Officer: Jeanette Woll

---

**Criminal Action No.  11-cr-00094-REB**

*Parties:*                         *Counsel:*

UNITED STATES OF AMERICA,          Kurt Bohn

      Plaintiff,

v.

1.  OSCAR HERNANDEZ-ARTEAGA,       Edward Harris
      a/k/a Javier Zuniga-Acosta,
      a/k/a Melvin Zuniga Acosta,
      a/k/a Henry Zuniga-Acosta,
      a/k/a Henry Jose Zuniga-Acosta,
      a/k/a Javier Gonzales-Acosta,
      a/k/a Javier Acosta,
      a/k/a Melvin Orlando Zuniga,
      a/k/a Melvin Orlando Zuniga-Acosta,
      a/k/a Javier Gonzales,
      a/k/a Javier Zuniga,

      Defendant.

---

**SENTENCING MINUTES**

---

**2:33 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the

USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);

- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1a, 2, and 2a is formally approved;

2. That the pending motions are resolved as follows:

   - the **Government's Motion To Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1 (b)** [#27] filed October 17, 2011, is **GRANTED**;

   - the **United States' Motion To Dismiss Indictment** [#28] filed October 17, 2011, is **GRANTED**;

   - the **Defendant's Motion To Impose Variant Sentence** [#31] filed November 16, 2011, is **DENIED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty-seven (37) months**;

5. That no term of supervised release is imposed;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood; and

11. That the defendant is remanded to the custody of the United States Marshal.

Government does not oppose the sentence imposed. Mr. Harris stands on the filings.

The defendant is advised of the right to appeal the sentence imposed by the court.

**3:34 p.m.     Court in recess.**

Total time in court:  01:01

Hearing concluded.